**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. 16-CR-4095-LTS |
| vs. | | **REPORT AND RECOMMENDATION** |
| JOHN CHARLES MCPHERSON, II, | | |
| Defendant. | | |

---

The defendant, John Charles McPherson II (McPherson), is charged with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 2. He moves to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(1), arguing that his 1997 conviction under California law for assault with a deadly weapon is a misdemeanor, not a felony (as alleged in the indictment). Docs. 2, 16, 16-1, 22. The government resists the motion. Doc. 21. I recommend **denying** the motion to dismiss.

In March 1997, McPherson pleaded guilty to assault with a deadly weapon, in violation of California Penal Code section 245(a)(1). Doc. 16-3. In the written plea form, the charge is described as a "felony," and McPherson acknowledged that he could receive a maximum sentence of four years in state prison. Doc. 16-3. The plea form also asks whether McPherson's attorney explained some of the consequences of McPherson's guilty plea, and "priorable" and "serious felony prior/prison prior" (with "prison prior" circled) are checked. *Id.* At sentencing in April 1997, the court ordered that the "imposition of sentence be suspended" and ordered McPherson to three years' probation. Doc. 16-5 at 1. The court ordered formal probation, which involves

supervision by a probation officer,[1] until McPherson's attorney verified that he had moved from California to somewhere in Iowa, Nebraska, or South Dakota as planned. Doc. 16-5. At that point, his probation would convert to informal probation (also called summary or court probation). *Id.* As a condition of his probation, McPherson waived extradition if found to be in violation of the terms of probation. *Id.* The court gave McPherson credit for 777 days served, based on 519 actual days served and 258 good-time credits. *Id.*[2]

To be a felon in possession under § 922(g)(1), the defendant must have been previously convicted of a "crime punishable by imprisonment for a term exceeding one year," excluding "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. §§ 921(20)(B), 922(g)(1). "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." *Id.* § 921(20). Thus, California law governs whether McPherson's previous California conviction is a felony or a misdemeanor.

At the time of McPherson's sentencing, California Penal Code section 17 provided, as relevant here:

> (a) A felony is a crime which is punishable . . . by imprisonment in the state prison. Every other crime . . . is a misdemeanor . . . .
> (b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:
> (1) After a judgment imposing a punishment other than imprisonment in the state prison. . . .

---

[1] *See City of Victorville v. Cnty. of San Bernardino*, 285 Cal. Rptr. 206, 207 (Ct. App. 1991).

[2] I compiled these facts based on the information, the plea form, and the form order granting probation, which both parties submitted as exhibits. Docs. 16-2, 16-3, 16-5, 21-1. I did not consider the affidavit submitted by the government from the sentencing judge, the credibility of whom McPherson contests. Docs. 21-2, 22 at 5.

> (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, . . . the court declares the offense to be a misdemeanor.

Cal. Penal Code § 17 (1997). McPherson was previously convicted of assault with a deadly weapon in violation of California Penal Code section 245(a)(1), which authorizes a punishment of "imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment." Under California law, section 245(a)(1) is considered a "wobbler" offense, a term used by California courts to describe offenses that may be classified as either misdemeanors or felonies based on the sentence imposed. *See United States v. Quebedo*, 788 F.3d 768, 776-77 (8th Cir. 2015). "This distinction is relevant here because, if [McPherson's] conviction were classified as a misdemeanor under California law, it would be punishable only by imprisonment not exceeding one year." *United States v. Boumelhem*, 339 F.3d 414, 426 (6th Cir. 2003).

Wobbler offenses are treated as felonies unless one of the exceptions in California Penal Code section 17 applies. *See United States v. Brown*, 33 F.3d 1014, 1018 (8th Cir. 1994); *People v. Park*, 299 P.3d 1263, 1267-69 (Cal. 2013). Section 17(b)(1) requires "imposition of [a misdemeanor] sentence and a judgment imposing that punishment," which, as a general rule, is not satisfied by the court "suspend[ing] imposition of sentence and grant[ing] probation." *Park*, 299 P.3d at 1268. Section 17(b)(3) requires the court to "take[] affirmative steps to classify the crime as a misdemeanor," which may occur "at the time probation is granted or at a later time—for example, when the defendant has successfully completed probation." *Id.* at 1268.

McPherson argues that because he was sentenced to informal probation, which is not authorized for felony charges, the court necessarily converted his wobbler offense to a misdemeanor at sentencing. Three California Court of Appeals cases address similar arguments: *People v. Soto*, 212 Cal. Rptr. 696 (Ct. App. 1985), *People v. Glee*, 97 Cal. Rptr. 2d 847 (Ct. App. 2000), and *People v. Willis*, 165 Cal. Rptr. 3d 600 (Ct. App.

2013).  In *Soto*, the defendant was convicted of a wobbler offense, and the trial court suspended proceedings and ordered the defendant to serve three years of informal probation.  *Id.* at 773-74.  The trial court initially said that it would impose formal probation, but because the defendant was a transient with no fixed address (making it difficult for the defendant to keep a probation officer advised of his current mailing address), the trial court changed the sentence to informal probation.  *Id.* at 773.  A few months later, the trial court revoked the defendant's probation and sentenced the defendant to three years in prison.  *Id.* at 773.  The defendant appealed, arguing that his initial sentence converted the wobbler offense to a misdemeanor such that he could not now be sentenced to three years in prison.  *Id.* at 774.  The appeals court held that because the trial court suspended proceedings when it granted summary probation, no judgment existed for purposes of California Penal Code section 17(b)(1).  *Id.* at 774.  The appeals court also held that section 17(b)(3) did not apply because the court explicitly stated that it did "not intend to render the conviction a misdemeanor by sentence."  *Id.* at 775.  Thus, the court held that the defendant had been convicted of a felony, despite his initial sentence of "summary probation[,] which is only authorized in misdemeanor cases."  *Id.* at 774.

In *Glee*, the defendant was convicted of a wobbler offense, and the trial court "suspended proceedings, granted summary probation, ordered [defendant] to serve one year in the county jail and directed that probation be terminated upon completion of the jail term."  97 Cal. Rptr. 2d at 852.  The appeals court held that because no "portion of the probationary period remained after the defendant's release from jail," a judgment existed for purposes of 17(b)(1), and thus, the sentence converted the offense to a misdemeanor.  *Id.* at 850, 852.  The appeals court distinguished *Soto* because the trial court "did not indicate an intention . . . . to retain jurisdiction over [defendant] with the possibility of later imposing a prison sentence," noting that the prosecutor informed the defendant prior to his plea that his sentence would be one year in county jail and that the court did not advise the defendant of the possibility of the imposition of a prison sentence

if he violated a condition of probation. *Id.* at 851-52; *see also Boumelhem*, 339 F.3d at 426 n.10 ("[I]n essence, the *Glee* court concluded that . . . the court's sentence was the equivalent of entering a judgment for a one-year county jail term, which would be a misdemeanor under § 17(b)(1).").

Finally, in *Willis*, the defendant pleaded guilty to a wobbler offense, and the court ordered deferred entry of judgment (DEJ) and for the defendant to enroll in a DEJ program. 165 Cal. Rptr. 3d at 601-02. When the defendant failed to do so, "the trial court ordered the imposition of a suspended sentence, with summary probation for 36 months." *Id.* at 602. After the defendant violated a condition of probation about a year later, the trial court imposed formal probation for 36 months, to run anew from the hearing date. *Id.* The defendant appealed, arguing that by sentencing him to summary probation, the trial court had converted his conviction to a misdemeanor, and misdemeanors may not be punished by more than three years of probation. *Id.* The appeals court agreed. *Id.* The appeals court reasoned that "[t]he record indicates no evidence of an intent to classify the offense as a felony, apart from standard minute orders," and that "[a]s a result, by ordering summary probation, the [trial] court classified defendant's offense as a misdemeanor." *Id.* at 603. The appeals court distinguished *Soto* because the trial court "made no statement indicating an intent to preserve a felony option for sentencing." *Id.* at 606.[3] It is not entirely clear whether the *Willis* court applied the exception in section 17(b)(1) or (b)(3).

---

[3] *See also People v. Quezada*, No. H041174, 2016 WL 3680090, at *3 (Cal. Ct. App. July 6, 2016) (holding that when the court ordered informal probation for one year and told the defendant to stay out of trouble, the conviction was a misdemeanor because the available record did not establish that the court "inform[ed] defendant that he faced a prison term" if he violated a condition of probation); *People v. Wright*, No. E038051, 2006 WL 3734275, at *2-3 (Cal. Ct. App. Dec. 19, 2006) (holding that when complaint charged defendant with a felony, he pleaded guilty to a felony, and he acknowledged that he was pleading guilty to a felony, the conviction was a felony, despite the sentence of informal probation); *People v. Travasso*, No. H022228, 2002 WL 1042325, at *1, *3 (Cal. Ct. App. May 23, 2002) (holding that the conviction was a felony when the trial court informed defendant "at the time of his plea that he would face a state

The facts of this case are closer to *Soto* than *Glee* and *Willis*. The record demonstrates that the trial court did not sentence McPherson to summary probation to show its intent to convert the felony to a misdemeanor. Rather, as in *Soto*, the trial court sentenced McPherson to summary probation to avoid causing him a hardship—here, to allow him to return to Nebraska, Iowa, or South Dakota without having to check in periodically with a probation officer in California. This intent is demonstrated by the court sentencing McPherson to formal probation that converted to informal probation upon his move (unlike in *Glee* and *Willis*, in which the courts sentenced the defendants to informal probation from the outset). Moreover, more evidence exists than in *Glee* and *Willis* to demonstrate the trial court's intent to retain jurisdiction with the possibility of later imposing a felony sentence. The defendant's plea agreement indicates that the conviction is a felony and that the maximum penalty is four years in prison. In addition, as a condition of probation, the trial court required the defendant to waive extradition to California if he violated the terms of his probation. As such, the record does not "support the inference" that the trial court intended to enter judgment of a misdemeanor sentence. *Glee*, 97 Cal. Rptr. 2d at 852.

Because the trial court suspended imposition of a sentence and intended to retain the ability to impose prison time if McPherson violated probation, no judgment was entered such that California Penal Code section 17(b)(1) applies. And because the court did not "declare[] the offense to be a misdemeanor," section 17(b)(3) is also inapplicable. Accordingly, McPherson's prior conviction constitutes a felony.

I recommend that the district court **deny** McPherson's motion to dismiss (Doc.16).

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and

---

prison sentence if he violated his probation" and sentenced the defendant to informal probation only because it was recommended by the probation report).

Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections. LCrR 59. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

      **IT IS SO ORDERED** this 6th day of June, 2017.


Kelly K.E. Mahoney
United States Magistrate Judge
Northern District of Iowa