# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN CHARLES MCPHERSON, II, <br><br> Defendant. | No. CR16-4095-LTS <br><br> **MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.   INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed on June 6, 2017, by the Honorable Kelly K.E. Mahoney, United States Magistrate Judge. *See* Doc. No. 23. Judge Mahoney recommends that I deny defendant's motion (Doc. No. 16) to dismiss the indictment. McPherson filed his objection (Doc. No. 29) on June 23, 2017.

## II.   APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

McPherson is charged with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. No. 2. He moves to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(1), arguing that the predicate offense is a misdemeanor and not a felony.

Judge Mahoney noted that McPherson pleaded guilty to assault with a deadly weapon in violation of California Penal Code § 245(a)(1) in March 1997. The charge is described as a "felony" in the written plea form and McPherson acknowledged that he could receive a maximum sentence of four years in state prison. The plea form also asks

whether McPherson's attorney explained the consequences of the plea. Among the list of consequences, "Priorable" and "Serious felony prior/Prison prior" (with "Prison prior" circled) are checked. Doc. No. 23 at 1 (citing Doc. No. 16-3). The California court ordered that the "imposition of sentence be suspended" and ordered three years' probation, beginning with formal probation and converting to informal probation upon verification from McPherson's attorney that he had moved to Iowa, Nebraska or South Dakota. *Id.* at 1-2 (citing Doc. No. 16-5 at 1). McPherson received credit for 777 days served, based on 519 actual days served and 258 good-time credits. *Id.* at 2.

Judge Mahoney then discussed the elements of a felon in possession of a firearm charge under 18 U.S.C. § 922(g)(1). Among other things, the Government must prove that the defendant was previously convicted of a "crime punishable by imprisonment for a term exceeding one year," excluding "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. §§ 921(20)(B), 922(g)(1). "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." *Id.* § 921(20). Therefore, Judge Mahoney analyzed McPherson's conviction under California law.

At the time of McPherson's conviction, California Penal Code § 17 provided, in relevant part, as follows:

> (a) A felony is a crime which is punishable . . . by imprisonment in the state prison. Every other crime . . . is a misdemeanor . . . .
>
> (b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances
>
>> (1) After a judgment imposing a punishment other than imprisonment in the state prison . . .

3

> (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, . . . the court declares the offense to be a misdemeanor.

Cal. Penal Code § 17 (1997). McPherson's conviction was for assault with a deadly weapon in violation of California Penal Code § 245(a)(1). Judge Mahoney noted that this section authorizes punishment of "imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment." Cal. Penal Code § 245(a)(1). This is considered a "wobbler" offense, which Judge Mahoney explained is a term used by California courts to describe offenses that may be classified as either misdemeanors or felonies based on the sentence imposed. *See* Doc. No. 23 at 3 (citing *United States v. Quebedo*, 788 F.3d 768, 776-77 (8th Cir. 2015)). Unless an exception under California Penal Code § 17 applies, wobbler offenses are treated as felonies. *Id.*

Judge Mahoney considered McPherson's argument that because he was sentenced to informal probation (also known as summary probation), which is not authorized for felony charges, his conviction is properly classified as a misdemeanor. Judge Mahoney discussed three California Court of Appeals cases that addressed similar arguments: *People v. Soto*, 212 Cal. Rptr. 696 (Cal. Ct. App. 1985), *People v. Glee*, 97 Cal. Rptr. 2d 847 (Cal. Ct. App. 2000) and *People v. Willis*, 165 Cal. Rptr. 3d 600 (Cal. Ct. App. 2013). She found that the facts in this case were closer to *Soto* than to *Glee* and *Willis* and concluded that the record did not support the inference that the trial court intended to impose a misdemeanor sentence.

With regard to *Soto*, Judge Mahoney explained that the trial court sentenced the defendant to summary probation for a wobbler offense because he was a transient with no fixed address, which would make the requirements of formal probation a hardship. *Soto*, 212 Cal. Rptr. at 773. The appellate court upheld the trial court's revocation and subsequent sentence to three years' in prison because the trial court did "not intend to

4

render the conviction a misdemeanor by sentence." *Id.* at 775. The court held that the defendant had been convicted of a felony, despite the original sentence of summary probation.

Similarly, Judge Mahoney concluded that the court in McPherson's case did not intend to make McPherson's offense a misdemeanor merely by giving him informal probation. The judge ordered formal probation, to be converted to informal probation, once McPherson's attorney verified that McPherson had returned to the Midwest. This would allow McPherson to stay on probation without having to regularly check in with a probation officer in California. Judge Mahoney also did not find any intent to deem the offense a misdemeanor based on McPherson's plea agreement, which indicates the conviction is a felony and the maximum penalty is four years in prison. Moreover, McPherson agreed to waive extradition to California if he violated the terms of his probation. As such, Judge Mahoney concluded that the record did not "support the inference" that the trial court intended to enter judgment of a misdemeanor sentence. *See* Doc. No. 23 at 6 (citing *Glee*, 97 Cal. Rptr. 2d at 852).

With regard to the relevant exceptions listed in California Penal Code § 17(b), Judge Mahoney concluded that none were applicable. Under § 17(b)(1), an offense will be considered a misdemeanor "[a]fter a judgment imposing a punishment other than imprisonment in the state prison . . . ." Cal. Penal Code § 17(b)(1). Because the court suspended the imposition of a sentence and intended to retain the ability to impose prison time if McPherson violated probation, no such judgment was entered. Under § 17(b)(3), an offense will be considered a misdemeanor when the court "grants probation to a defendant without imposition of sentence and at the time of granting probation, . . . the court declares the offense to be a misdemeanor." Cal. Penal Code § 17(b)(3). Because the court did not "declare[] the offense to be a misdemeanor," Judge Mahoney again found that this exception did not apply. For these reasons, Judge Mahoney recommends McPherson's motion be denied.

5

## IV. DISCUSSION

Because McPherson objects to the R&R, I will review it de novo. McPherson's objection (Doc. No. 29) focuses on California Penal Code § 17(b)(3).[1] At the time of his sentencing, the statute stated:

> (b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:
> . . .
> (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.

Cal. Penal Code § 17(b)(3) (1997). McPherson argues that Judge Mahoney erred in concluding that a suspended sentence of summary probation was not sufficient to "declare[ ] the offense to be a misdemeanor" under § 17(b)(3).

A conditional sentence, also referred to as summary or informal probation, involves "the suspension of the imposition or execution of a sentence and the order of revocable release in the community subject to conditions established by the court without the supervision of a probation officer." Cal. Penal Code § 1203(a). It is only allowed in misdemeanor cases. *See Glee*, 97 Cal. Rptr. 2d at 851 ("Appellant is correct that summary probation is not authorized in felony cases. A grant of informal or summary probation is a 'conditional sentence.' Conditional sentences are authorized only in misdemeanor cases.") (citations omitted).

---

[1] McPherson acknowledges that § 17(b)(1) does not apply. *See* Doc. No. 29 at 1 ("The report and recommendation also correctly focused its analysis on California Penal Code § 17(b)(3), rather than § 17(b)(1) (which the parties focused on in the initial briefing.)"). Judge Mahoney noted that § 17(b)(1) requires the "'imposition of [a misdemeanor] sentence and a judgment imposing that punishment,' which as a general rule is not satisfied by the court 'suspend[ing] imposition of sentence and grant[ing] probation.'" Doc. No. 23 at 3 (quoting *People v. Park*, 299 P.3d 1263, 1268 (Cal. 2013)) (alterations in original).

McPherson argues that because the court ordered informal probation, his conviction constitutes a misdemeanor rather than a felony. He also argues that his case is more like *Willis* than *Soto*. In both cases, the defendants were sentenced to a three-year term of summary probation, the maximum term of probation for a misdemeanor. In *Soto*, the trial court explained that with regard to the previous wobbler conviction:

> I placed the defendant on summary probation to benefit the defendant, because as a transient it would be a hardship on him to keep the probation officer advised of his current mailing address at all times, which is one of the standard, as far as this Court is concerned, indispensable conditions of formal probation.

*Soto*, 212 Cal. Rptr. at 698.

In *Willis*, the trial court attempted to revoke the defendant's three-year term of summary probation and impose an additional term for the probation violation. *Willis*, 165 Cal. Rptr. 3d at 601-02. The appellate court found that the trial court could not extend probation beyond three years because the court's initial sentence of three years' probation "effectively classified the offense as a misdemeanor." *Id.* at 605. The court in *Willis* distinguished *Soto* as follows:

> *Soto* is distinguishable from this case, since here the court did not expressly reserve discretion to impose a later felony sentence. When sentencing defendant to summary probation for 36 months, the court made no statement indicating an intent to preserve a felony option for sentencing. Aside from standard minute orders describing the charge as a felony, the court did not specifically characterize or label the offense as a felony. As in *Glee*, "the court did not indicate an intention to impose a felony sentence."

*Willis*, 165 Cal. Rptr. at 603-04.

McPherson argues his case is like *Willis* because the trial court ordered "summary probation upon verification that the defendant ha[d] relocated to Iowa by [defense] attorney Rafael." Doc. No. 16-6. He argues the court lacked authority to impose summary probation unless it deemed McPherson's conviction to be a misdemeanor. *See* Doc. No. 29 at 4 (citing Cal. Penal Code §§ 1203(a), 1203b). He also argues that it is

irrelevant if the pre-sentencing documents describe the wobbler offense as a felony and that the extradition terms in McPherson's plea agreement are not determinative. *Id.* at 4-5 (citing 31A Am. Jur. 2d Extradition § 37). McPherson contends that in contrast to *Soto*, there is no evidence here that the trial court expressly retained the option to impose imprisonment if McPherson violated his probation. For these reasons, he argues that he is not a felon.

In considering whether McPherson's conviction is a felony or misdemeanor, I find the plain language of California Penal Code Section 17(b)(3) to be controlling. As noted above, this subsection states that a wobbler offense is a misdemeanor if "the court grants probation to a defendant without imposition of sentence *and* at the time of granting probation, or on application of the defendant or probation officer thereafter, *the court declares the offense to be a misdemeanor*." Cal. Penal Code § 17(b)(3) [emphasis added]. This statutory language provides that an offense does not turn into a misdemeanor merely by the order of probation. The trial court must also declare the offense to be a misdemeanor. *See People v. Wood*, 73 Cal. Rptr. 2d 308, 311-12 (Cal. Ct. App. 1998) ("The plain meaning of the statute requires that the word 'or' be read to pertain to the timing of the declaration by the trial court that the offense is a misdemeanor: either the court may declare the offense to be a misdemeanor at the time of granting probation or it may do so on application of the defendant or the probation officer thereafter. The introductory clause, 'When the court grants probation to a defendant without imposition of sentence,' applies in both cases.").

In this aspect, I disagree with the *Willis* court that a wobbler offense is regarded as a misdemeanor if the court did not "specifically characterize or label the offense as a felony." *Willis*, 165 Cal. Rptr. at 603-04. Indeed, California law suggests the opposite. *See Park*, 299 P.3d at 1269 (noting that under the statutory language of § 17(b)(3), a wobbler becomes a misdemeanor only when the court takes "affirmative steps" to classify the crime as a misdemeanor); *United States v. Viezcas-Soto*, 562 F.3d 903, 907 (8th Cir.

8

2009) ("[U]nder California law, where [an] offense is alternatively a felony or misdemeanor, it is regarded as a felony for every purpose until judgment." (quoting *United States v. Gomez-Hernandez*, 300 F.3d 974, 978 (8th Cir. 2002))) (internal quotation marks omitted) (second alteration in original) (emphasis omitted). Moreover, as noted above, the California court in McPherson's case suspended imposition of the sentence, thus reserving this right to impose a sentence of incarceration if McPherson violated his probation. This lends further support to the conclusion that the court did not intend to treat the conviction as a misdemeanor. *See* Cal. Penal Code § 17(b)(1) (a wobbler offense becomes a misdemeanor upon entry of "a judgment imposing a punishment other than imprisonment in the state prison"). For these reasons, I find that McPherson's 1997 conviction constitutes a felony for purposes of § 922(g)(1).

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** United States Magistrate Judge Mahoney's June 6, 2017, report and recommendation (Doc. No. 23) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Mahoney's recommendation, defendant's motion (Doc. No. 16) to dismiss the indictment is **denied**.

**IT IS SO ORDERED.**

**DATED** this 6th day of July, 2017.

_____
Leonard T. Strand, Chief Judge